IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL MORTGAGE WAREHOUSE, LLC, Plaintiff | : | |
| v. | : | Civil Action No. CCB-00-2881 |
| BANKERS FIRST MORTGAGE CO., INC., et. al. Defendants. | : | |
| SOVEREIGN BANK, Plaintiff | : | |
| v. | : | Civil Action No. CCB-01-057 |
| BANKERS FIRST MORTGAGE CO., INC., et. al. Defendants. | : | |

**CONSOLIDATED UNDER
Civil Action No. CCB-00-2881**

**MEMORANDUM**

On September 25, 2000, National Mortgage Warehouse ("NMW") filed an action in fraud against, *inter alia*, Christopher Trikeriotis ("Trikeriotis") and Title Express ("Title Express"). On January 8, 2001, Sovereign Bank ("Sovereign") filed a similar complaint. This court approved the consolidation of these cases on February 5, 2001. Now pending are motions from both plaintiffs for partial summary judgment on their fraud counts against Trikeriotis and Title Express.[1]

---

[1] In Maryland, the elements of an action in fraud or deceit are (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding

Sovereign Bank's motion for summary judgment will be granted because it is unopposed. (*See* Def. Resp. to Sovereign Bank's Mot., p. 1.)

NMW's motion also will be granted, although defendants continue to oppose such relief.[2] Trikeriotis has pleaded guilty to bank fraud in connection with his transactions with Sovereign and NMW.[3] *United States v. Christopher Trikeriotis*, Criminal No. CCB-01-0442 (D. Md. 2001). As part of his guilty plea, Trikeriotis agreed to a Statement of Facts which leaves the material allegations in the NMW and Sovereign complaints undisputed.[4] (*See* Sov. Bank's Mot. for Sum. Judgmt., Ex. C, Trikeriotis' "Statement of Facts.") Consequently, he is collaterally estopped from denying his liability.[5] *United States v. Wight*, 839 F.2d 193, 195-96 (4th Cir. 1987) ("[A] defendant is precluded from retrying issues necessary to his plea agreement in a later

---

the plaintiff; (4) that the plaintiff relied upon the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Christian v. Minnesota Mining & Mfr. Co.*, 126 F. Supp.2d 951, 960-61 (D. Md. 2001) (*quoting Alleco Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 665 A.2d 1038, 1047 (Md. 1995)).

[2] In response to NMW's renewed summary judgement request, Trikeriotis and Title Express "incorporate the arguments set forth" in their June 22, 2001 response to NMW's initial summary judgment motion. (Def. Resp. to NMW's Renewed Mot., p. 1.) The June 22 response, however, merely requests additional time for discovery. In light of Trikeriotis' ensuing guilty plea (dated September 21, 2001), no further discovery is necessary.

[3] The criminal statute setting forth the elements of bank fraud is found at 18 U.S.C.A. § 1344. Bank fraud is defined as follows:
> Whoever knowingly executes, or attempts to execute, a scheme or artifice–
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both. 18 U.S.C.A. § 1344.

[4] The Statement of Facts was drafted by the government and edited and signed by Mr. Trikeriotis.

[5] For collateral estoppel to apply in the Fourth Circuit, the party asserting it must establish that:
> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a necessary part of the proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*Securities & Exchange Commission v. Zandford*, 238 F.3d 559, 562 (4th Cir. 2001).

2

civil suit."); *see also Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987); *Ivers v. United States*, 581 F.2d 1362, 1366-67 (9th Cir. 1978); *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974). Not only does Trikeriotis admit all of the essential elements of bank fraud by virtue of his plea, but the extensive statement of facts submitted in connection with the plea constitutes a full admission by him that he engaged in fraud against NMW and Sovereign Bank. *Compare Mayberry v. Somner*, 480 F. Supp. 833, 839-40 (E.D. Pa. 1979) (extensive inquiry by the court into the factual basis for defendant's plea further establishes that plea is a full admission to details of the crime). Since Trikeriotis is the president and chief officer of Title Express, his guilty plea also precludes his company from denying liability in connection with these transactions. *See United States v. DiBona*, 614 F. Supp. 40, 44 (E.D. Pa. 1984).

In the Statement of Facts, Trikeriotis concedes that NMW and Sovereign lost approximately 8.5 million dollars as a result of the fraud perpetuated upon them by, *inter alia*, Trikeriotis and Title Express.[6] That amount is consistent with the evidence of damages submitted by the plaintiffs.

A separate Order follows.

1/15/02
Date

Catherine C. Blake
United States District Judge

---

[6] Specifically, Trikeriotis states:

> By the fall of 2000, Bankers had fraudulently obtained approximately 8.5 million dollars from Green Shield (Sovereign's assignor) and NMW by submitting fraudulent loan advance requests to these warehouse lenders, who, believing that Title Express was conducting a settlement, wired the requested funds to Title Express, which dispersed the funds directly to Bankers.

(*See* Sov. Bank's Mot. for Sum. Judgmt., Ex. C, Trikeriotis' "Statement of Facts," p. 15a.)

3