## ADELBERG, RUDOW, DORF & HENDLER, LLC
ATTORNEYS AT LAW

David B. Applefeld

dapplefeld@adelbergrudow.com

also a member of:
District of Columbia Bar
Colorado Bar

600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2927

www.adelbergrudow.com

Telephone
410-539-5195

Facsimile
410-539-5834

October 10, 2003

**VIA ELECTRONIC FILING**
Honorable Catherine C. Blake
United States District Judge
United States District Court
 for the District of Maryland
101 West Lombard St., Room 110
Baltimore, MD 21201

      Re:    *National Mortgage Warehouse, LLC v. Bankers First Mortgage Co., Inc., et al.*
              Case Number: CCB 00-CV-2881

Dear Judge Blake:

      Our office represents Christopher Trikeriotis and Title Express, Inc. in the captioned matter. Despite the efforts of counsel, the parties have been unable to resolve certain discovery and related issues pertaining to the remaining claims in this case. Those claims include: 1) Mr. Trikeriotis and Title Express' claims for indemnity and contribution against Diane Baklor, Kent Baklor, Bankers First Mortgage Co., Inc. and What's Up Doc, Document Prep, Inc.; 2) Diane Baklor's claim for legal malpractice against Christopher Trikeriotis; and 3) Kent Baklor and Bankers First's claims for indemnity and contribution against Mr. Trikeriotis. Pursuant to your request, we are writing to identify and set forth our position with respect to the open issues.

      Initially, the deposition of Ms. Baklor needs to be completed. As reflected in the pages from Ms. Baklor's deposition transcript attached to our August 22, 2003 letter, the parties had agreed to an additional three hours to complete the deposition. The deposition was continued in the hope that the case could be resolved following the completion of the related criminal matter. Unfortunately, this has not occurred. Since it appears that trial is now inevitable, this deposition needs to be completed as agreed to by counsel on the record.

      The second issue relates to the discovery of the settlement agreement(s) entered between Ms. Baklor, Mr. Baklor and their companies with the underlying Plaintiffs, National Mortgage Warehouse, LLC and Sovereign Bank. These documents fall squarely within the scope of the Request for Production served by our clients upon the Baklor parties in this litigation. Among other documents, we specifically requested that these parties produce "all documents that relate to any contractual agreement between you and any party to this litigation." Requests for discovery are continuing in nature and require timely supplementation. In this case this has not occurred.

**ADELBERG, RUDOW, DORF & HENDLER, LLC**

Honorable Catherine C. Blake
October 10, 2003
Page 2

The settlement agreements are relevant to the damages issues in this case. Here, Title Express is being sued for indemnity and contribution, and Mr. Trikeriotis is being sued for indemnity, contribution, as well as, damages allegedly sustained by Ms. Baklor for professional negligence. Fundamental to evaluating this case is the ability to determine what damages, if any, the Baklor parties have sustained. Certainly, if the Baklor parties have entered into settlement agreements with the lender Plaintiffs, both the terms of the agreements and the amount of money paid by each are directly relevant to the damages claims in this case. Without the agreements and an accounting as to what has been paid, the defense is being forced to proceed in a vacuum.

The terms and conditions of the Settlement Agreement(s) are also relevant to determine the outstanding liability of Mr. Trikeriotis with respect to the underlying claim. The Maryland Uniform Contribution Among Joint Tort-Feasor Act, MD. CODE ANN., CTS. & JUD. PROC. §3-1401, *et seq.* provides:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasor ***unless the release so provides, but it reduces the claim against the other tort-feasor in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid***. (emphasis added).

To the extent any of the lender Plaintiffs have settled with the Baklor parties, we have the right to discover all of the applicable terms and conditions and to receive a copy of any settlement agreement. If the Baklor parties desire that a protective order be entered concerning any settlement agreement with the lender Plaintiffs limiting the use of the agreement(s) to purposes of this litigation and any related litigation which may be filed once the agreements are produced and discovery on these issues has been completed, neither our office nor Mr. Trikeriotis has an objection to same. However, the blanket attempt to preclude our office from obtaining and sharing these critical documents with our client is both unwarranted and inhibits our representation in this case.

The final open issue which dovetails with the above dispute concerning the settlement agreement(s) involves the refusal of both the Baklor parties and the lender Plaintiffs to disclose to Mr. Trikeriotis what funds, or other things of value, have been paid by the Baklors and their companies in either settlement of the underlying civil case or pursuant to the restitution order entered in the criminal case over which you presided. In this regard, Mr. Trikeriotis is clearly entitled to discover what the Baklors and their companies have paid to the lenders and the terms under which the Baklors have been permitted to continue to operate their business. The amount of funds or other things of value paid or transferred to the lenders is an element, if not the entirety of, the damages being claimed against Mr. Trikeriotis in the civil case, and is the subject of the restitution order entered in the criminal matter. Likewise, to the extent the Baklors have been permitted to maintain or transfer

**ADELBERG, RUDOW, DORF & HENDLER, LLC**

Honorable Catherine C. Blake
October 10, 2003
Page 3

available assets which could be used to satisfy the civil judgment or the restitution order, this information is clearly discoverable. In this regard, Mr. Trikeriotis requests the opportunity to complete the deposition of National Mortgage Warehouse, Inc.'s designee which was also left open.

Respectfully,

David B. Applefeld

DBA/ps
cc:  Andew C. White, Esquire (via electronic filing/fax/mail)
     D. Christopher Ohly, Esquire (via electronic filing/fax/mail)
     John A. Bourgeois, Esquire (via fax/mail)