IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| NATIONAL MORTGAGE WAREHOUSE, LLC | * |
| v. | * Case No. CCB-00-CV-2881 |
| BANKERS FIRST MORTGAGE CO., *et.al* | * |

* * * * *

### MOTION TO RECONSIDER JANUARY 23, 2004 ORDER; FOR A PROTECTIVE ORDER; AND FOR CLARIFICATION REGARDING SUMMARY JUDGMENT MOTIONS

Third-party defendant Diane Baklor, through counsel, Andrew C. White and Susan Q. Amiot, hereby moves this Honorable Court to reconsider its Order dated January 23, 2004 allowing for the continuation of Mrs. Baklor's deposition in the above-captioned case. In addition, Mrs. Baklor asks that a protective order be issued limiting the disclosure of the settlement agreements reached with National Mortgage Warehouse in this case. Finally, Mrs. Baklor seeks clarification from the Court that she be permitted to file a motion for summary judgment.

### BACKGROUND

The Court's order in this matter arises from a letter motion filed with the Court on January 19, 2004 by counsel for Christopher Trikeriotis. In that letter, counsel stated, among other things, that his motion was unopposed inasmuch as he did not receive a response to an earlier letter filed with the Court on October 10, 2003 ("October 10th letter), setting forth his position with respect to certain outstanding discovery issues.[1] On January 22, 2004, undersigned counsel filed a letter with the Court requesting until

---

[1] Undersigned counsel first became aware of this issue when we received a fax copy of the January 19, 2004 letter motion to the court. Upon receiving this letter, undersigned counsel immediately contacted Mr. Applefeld and asked for a copy of the October 10th correspondence with the Court. We received this copy and thereafter filed a responsive letter with the Court on January 22, 2004. At no time prior to filing the January 19, 2004 letter to the Court, did counsel for Mr. Tikeriotis contact undersigned counsel in an attempt to resolve matters or to inquire why a response to the October 10th letter had not been filed. It is for this reason that we object to counsel's use of the word "unopposed" in the January 19th letter to the Court.

Monday January 26, 2004, to respond to counsel's October 10th letter. The reason for the request was that undersigned counsel did not receive a copy of the October 10th letter and, for that reason, did not reply thereto. In a subsequent check of the Court's ECF system, we realized that this firm had not been listed as counsel of record for Diane Baklor in this matter. As a result, we did not receive any correspondence or orders from the Court relating to this matter. The ECF files reflected that Mr. Graham and Mr. Bourgeois of Kramon & Graham were listed as counsel for Mrs. Baklor, though that firm's representation terminated on October 16, 2002. This firm entered its appearance in the case on January 22, 2004 and requested the opportunity to be heard by January 26, 2004. The Court issued its order on January 23, 2004 -- four days after the letter motion was filed. The period in which to file a response to the January 19, 2004 letter motion expires on February 2, 2004.

## THE DISCOVERY ISSUES

The issues set forth in the October 10th letter have been the topic of frequent discussion between counsel for well over a year, and, in some cases, longer than that. Each topic will be addressed separately.

1) **Diane Baklor's deposition**.

Mrs. Baklor was initially deposed in this case on April 10 & 11, 2000 – *almost four years ago*. It is true that the parties were unable to complete her deposition on that date and that everyone agreed to continue the deposition. This agreement was not without limits, however, inasmuch as the parties all envisioned that her deposition would be rescheduled as quickly as possible. In fact, Mr. Applefeld made it clear at the deposition that he wanted a commitment from the parties to "get a date reasonably soon to continue." (April 11, 2000 transcript, p.478, lines14-16.) .) It was not until over 18

months later (October 18, 2002) that the idea of continuing Mrs. Baklor's deposition was even mentioned in conversation between counsel. Clearly, this delay of eighteen months is not "a date reasonably soon." This is especially so given that the discovery deadline in this case passed on September 1, 2001. In the aftermath of Mrs. Baklor's first deposition, counsel for Mr. Trikeriotis did not attempt to schedule the next session, nor did counsel request an extension of the discovery deadline in order to get her deposition completed. Because no attempt was made to reschedule Mrs. Baklor's deposition within the discovery deadlines set by the Court, and because almost four years have passed since the initial deposition, it is not appropriate now to allow Mr. Trikeriotis – who has since been convicted and served his jail term – to continue with Mrs. Baklor's deposition.

2)   **Disclosure of settlement agreements**.

In its Janaury 23rd Order, the Court also ordered that National Mortgage Warehouse provide Mr. Trikeriotis with a copy of any and all settlement agreements entered into with any past or current parties to this litigation. This too has been a topic of much discussion between the parties for quite some time.

In the October 10th letter, Mr. Trikeriotis' counsel contended that there has been "a blanket attempt to preclude our office from obtaining and sharing these critical documents with our client . . ." Counsel went on to argue that this is "both unwarranted and inhibits our representation in this case." *October 10th letter at page 2*. This assertion is misleading at best.

No one has ever attempted to prevent Mr. Trikeriotis from knowing each and every term of the settlements reached between National Mortgage Warehouse and other parties in this litigation. In fact, undersigned counsel has repeatedly offered to provide a copy of the Baklors' settlement agreements to Mr. Trikeriotis' counsel so that Mr.

3

Trikeriotis can have full access thereto and understanding thereof. The only condition requested was that Mr. Trikeriotis not be given a physical copy of the documents. As undersigned counsel wrote to Mr. Trikeriotis' counsel on August 25, 2003:

> What I have offered, however, is to provide your client with access to the entire agreement – in essence, full disclosure. That is, he and his counsel can see the agreement and make full appropriate use of the contents therein in his civil suit, such that it is. We will not let him have a copy of the agreement. He is not entitled to a copy and, frankly, you have stated no reason why Mr. Trikeriotis needs to "obtain a copy for his personal records." He is not a party to the agreement and, as such has no need for a "personal" copy. Moreover, his possession of a copy would be very detrimental to Ms. Baklor inasmuch as your client could send copies of the settlement agreement to persons doing business with Ms. Baklor or to other persons or entities associated with her.
>
> I fear that your client, a convicted felon, wants a copy of the agreement so he can cause financial harm to Mrs. Baklor and her husband.

*Letter from Andrew White to H. Scott Jones, Esquire dated August 23, 2003.*

Mr. Trikeriotis rejected this offer, and continued to demand that he be allowed to have a copy of the agreements "for his personal records." This refusal only confirms the fears expressed in our letter to counsel on August 23rd. We are concerned that Mr. Trikeriotis will use the settlement agreement to interfere with the business affairs of both Mr & Mrs. Baklor. Our offer to allow Mr. Trikeriotis access to the documents through counsel was and is reasonable. He would know each and every term thereof and he and his counsel could use the information as they see fit in this litigation. Allowing him to receive and keep a copy of the documents for his personal use, however, will do nothing except to allow him to potentially harm the Baklors.[2] The Court is undoubtedly aware that there is no love lost between the Baklors and Mr. Trikeriotis. Given the acrimonious relationship between the two, the compromise offered to counsel is prudent and should be

---

[2] This is also a true concern for National Mortgage Warehouse inasmuch as improper interference by Mr. Trikeriotis could harm the Baklors' ability to continue making payments to National Mortgage Warehouse under terms of the various settlement agreements.

incorporated into a protective order issued by the Court under Rule 26(c) of the Federal Rules of Civil Procedure.

## SUMMARY JUDGMENT

The Court's January 23rd Order does not address the issue of summary judgment motions. Undersigned counsel respectfully suggests that the interests of judicial economy would be well served if Mrs. Baklor were permitted to file a motion for summary judgment and address the lack of a legal basis for Mr. Trikeriotis to recover any damages against Mrs. Baklor for indemnification, contribution, or otherwise.

## CONCLUSION

Mrs. Baklor respectfully asks the Court to reconsider its January 23, 2004 Order and issue a protective order preventing the further deposition of Diane Baklor because no request was made to extend the discovery deadline and because that deadline passed on September 1, 2002. Mrs. Baklor further requests that the Court modify its January 23rd Order and allow Mr. Trikeriotis access to all settlement agreements entered into with any past or current party to this case with the express condition that the agreements will remain in the possession of Mr. Trikeriotis' counsel and that Mr. Trikeriotis will not receive a copies of the documents for his personal use or possession. Finally, Mrs. Baklor requests that the Court allow her to file a motion for summary judgment within 30 days or within a reasonable time of the continuation of her deposition, if the Court so orders.

          Respectfully submitted,

          _____/S/_____
          Andrew C. White
          Susan Q. Amiot
          Law Offices of Andrew C. White, LLC
          Suite 2600
          201 North Charles Street
          Baltimore, MD  21201
          410-576-2200

          **COUNSEL FOR DIANE BAKLOR**

### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2004, I sent a copy of the foregoing pleadings via Electronic Case Filing to all counsel of record, and by First Class U.S. Mail, postage prepaid, to the following:

David Applefeld, Esquire
Adelberg, Rudow, Dorf & Hendler
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, MD 21201

*Attorneys for Christopher Trikeriotis*

D. Chistopher Ohly, Esquire
Blank, Rome
250 West Pratt Street
Suite 1100
Baltimore, MD 21201,

*Attorneys for National Mortgage Warehouse*

          _____/S/_____
          Andrew C. White

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **NATIONAL MORTGAGE WAREHOUSE, LLC** | * |  |
| v. | * | Case No.  CCB-00-CV-2881 |
| **BANKERS FIRST MORTGAGE CO.,** *et.al* | * |  |

\* \* \* \* \*

### ORDER

Upon consideration of the motion of Third-Party Defendant Diane Baklor for Reconsideration of the Court's January 23, 2004 Order; for Protective Order; and for Clarification Regarding Summary Judgment Motions, the Court hereby determines that for good cause shown therein, it will GRANT the motion.  Accordingly, it is this ____ day of January, 2004, ORDERED that:

    1.   Third-party Plaintiff Christopher Trikeriotis's request to continue the deposition of Diane Baklor is denied, and no further deposition of Mrs. Baklor shall be permitted or required;

    2.   National Mortgage Warehouse shall provide counsel for Christopher Trikeriotis and Title Express, Inc. with a complete copy of any settlement agreement entered into with any past or current party to this consolidated litigation, provided that the the documents shall at all times remain in the possession of his counsel.   No further copies of such documents shall be generated and provided to anyone, including Mr. Trikeriotis.

    3.   Mrs. Baklor shall be permitted to file a motion for summary judgment within 30 days of the date of this Order.

_____
CATHERINE C. BLAKE
United States District Judge