LAW OFFICES
## KRAMON & GRAHAM, P. A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201

TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

www.kramonandgraham.com

JOHN A. BOURGEOIS
DIRECT DIAL
(410) 347-7408

E-MAIL
jbourgeois@kg-law.com

February 12, 2004

**Via Electronic Court Filing**
The Honorable Catherine C. Blake
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

    Re: *National Mortgage Warehouse, LLC v. Bankers First Mortgage Co., Inc.*
        Civil Action No. CCB-00-2881

Dear Judge Blake:

    I formerly was counsel of record for Diane Baklor in the above-captioned litigation. I have received copies of and have reviewed the recent pleadings filed in connection with Mr. Trikeriotis' attempt to schedule a continuation of Mrs. Baklor's deposition.

    At the conclusion of Mrs. Baklor's deposition on August 14, 2001, the parties agreed that the deposition would be continued for an additional three hours on a date to be determined. This agreement was entered into with the expectation that the deposition would be rescheduled in the near future if the parties could not arrive at a settlement of the various disputed claims. When the agreement was reached, I did not anticipate – nor do I believe that <u>any</u> of the parties anticipated -- that the deposition would be continued in late 2002 or at any point in 2003 or 2004. There would not have been any agreement regarding this matter if Mr. Trikeriotis or his counsel had suggested in 2001 that such a delay would be likely or necessary. Implicit in the agreement was the notion that Mrs. Baklor's deposition would be rescheduled in the near future, or not at all.

    I also agree with Mr. White's assertion that to allow the deposition to resume at this point would be harmful to Mrs. Baklor. Frankly, neither Mr. Graham nor I have looked at the file in this case since we withdrew our appearances in mid-October 2001,

{00536/0/00096972.DOCv1}

The Honorable Catherine C. Blake
February 12, 2004
Page 2

over two years ago. As I understand it, virtually nothing has occurred in the case procedurally or otherwise since then. At this point, it would be very difficult (and very expensive) for Mr. White or any other attorney to review the files to the extent appropriate to prepare for an additional deposition. It also appears that further questioning of Mrs. Baklor would be unnecessary given that Mr. Trikeriotis has pleaded guilty to federal fraud charges.

Finally, I believe that Mr. White's offer to provide copies of all settlement agreements to counsel for Mr. Trikeriotis, without allowing Mr. Trikeriotis to keep copies of those documents, is reasonable and fair. As the Court is surely aware, Mr. Trikeriotis harbors a tremendous amount of animosity toward Mr. and Mrs. Baklor. I believe that there is a very real concern that Mr. Trikeriotis would use the settlement documents for improper purposes if he is given the opportunity to do so. Mr. White's solution would allow Mr. Trikeriotis' counsel to use the information in the settlement agreements for proper purposes while protecting Mr. and Mrs. Baklor's interests.

Respectfully,

John A. Bourgeois

cc:   All counsel of record by ECF

{00536/0/00096972.DOCv1}