IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL MORTGAGE
WAREHOUSE, LLC

v.                                          *          Case No. CCB-00-CV-2881

BANKERS FIRST MORTGAGE CO., et. al          *

\*       \*       \*              \*                      \*       \*

THIRD PARTY PLAINTIFF CHRISTOPHER TRIKERIOTIS' RESPONSE TO DIANE
BAKLOR'S AND WHAT'S UP DOC'S REPLY TO OPPOSITION TO THIRD PARTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Christopher Trikeriotis, Third Party Plaintiff, moving *pro se*, hereby responds to

Third Party Defendants Diane Baklor and What's Up Doc, Document Prep, Inc. reply as

follows:

After requesting numerous extension to file a reply to Trikeriotis' Response in

Opposition to Third Party Defendants Motion for Summary Judgment, Third Party

Defendants have done nothing more than reiterate many of the same old arguments they

have previously made in hopes of providing this Honorable Court with some basis, any

basis, on which this Court could dismiss this action. Third Party Defendants, despite the

requested extension, did not even take the time to request that this Honorable Court grant

Third Party Defendant What's Up Doc, Document Prep, Inc. leave to file the Motion for

Summary Judgment filed by Third Party Defendant Baklor. Third Party Defendants have

once again simply chosen to throw numerous technical arguments against the wall in

hopes that one will stick. Arguments, that if analyzed closely, simply do not support the

relief Third Party Defendants have requested. Third Party Defendants hope to persuade

this Court to look past the fact that their Motion for Summary Judgment is simply not

proper by making arguments that are not supported by law or the facts of this case.

Third Party Defendants argue among other things that there was not any evidence adduced during the discovery process that Third Party Defendants were involved in the fraud. This is an interesting argument to make considering that Third Party Defendants conducted no discovery whatsoever of Trikeriotis. Trikeriotis, in responding to Third Party Defendants Motion for Summary Judgment was not required to make his entire case. Trikeriotis was only required to produce sufficient evidence to show that there are disputes of material fact and that Third Party Defendants are not entitled to judgment as a matter of law. Trikeriotis has met his burden.

Third Party Defendants also contend that Trikeriotis only made mere allegations and did not set forth specific facts showing that a genuine issue for trial exists. This is simply not true and a brief review of Trikeriotis' Verified Memorandum clearly establishes that a genuine issue for trial, does, in fact exist. Third Party Defendants would have this Court, in the course of ruling on their Motion for Summary Judgment, make a finding of fact in their favor concerning the $5,000.00 check Third Party Defendant Diane Baklor cashed from the fraudulently received funds and not draw any inferences, whatsoever, from it. That clearly goes against the standard of review for determining whether a Motion for Summary Judgment should be granted, as more particularly briefed in Trikeriotis' Response in Opposition to Third Party Defendants Motion for Summary Judgment. Interestingly, Third Party Defendants have remained silent as to the other documentary evidence attached in Trikeriotis Verified Memorandum, which documents include the computer records of Title Express, Inc., the Affidavit of Mary Larson, the Doyle Memorandum and Trikeriotis letter dated April 28, 2000 to Kent and Diane Baklor. The April 28, 2000 letter clearly establishes that Diane Baklor knew of the fraudulent activity while it was occurring and the computer records

produced show that Third Party Defendants received quite a bit of money from the fraudulently obtained funds. Many inferences can be drawn from these two pieces of evidence alone, one of which is that Third Party Defendants were knowing participants in the fraud and their motive was financial gain.

Third Party Defendants further contend that Trikeriotis' Verified Memorandum should be stricken because Trikeriotis invoked his 5th Amendment privilege during the deposition that was taken of him four months after the civil suit was instituted and while the criminal action was being investigated. This Court should note that Trikeriotis' deposition was never concluded nor did Third Party Defendants ask any questions of Trikeriotis or request that the deposition be rescheduled so that it could be concluded This Court is well aware that Trikeriotis, shortly after the deposition, entered into an agreement with the U.S. Attorneys office whereby he pled guilty to one count of bank fraud and disclosed his participation in the fraudulent activity. Unlike the cases cited by Third Party Defendants, Trikeriotis never refused to answer any questions presented to him at the deposition by Third Party Defendants. Had Trikeriotis attempted to contest the Motion for Summary Judgment filed by National Mortgage Warehouse or Sovereign Bank, which he did not, by the filing of an Affidavit, then those parties, having been prejudiced by Trikeriotis' refusal to answer their questions at the deposition, may have had grounds to make the argument that Third Party Defendants now present to this Court However, the argument simply does not apply to Third Party Defendants.

For the reasons cited herein, Third Party Plaintiff prays that this Court deny Third Party Defendants Motion for Summary Judgment on the grounds that there are disputes of material fact and that Third Party Defendants Diane Baklor and What's Up Doc,

Document Prep, Inc. are not entitled to judgment as a matter of law

---

Christopher Trikeriotis, *pro se*
14915 Dunstan Lane
Monkton, Maryland 21111
Tel. No.: 410-628-1809
Fax. No.: 410-628-0554
E-Mail: christrikeriotis@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that of this **2** day of July, 2004 I mailed by first class mail postage prepaid a copy of the foregoing to D. Christopher Ohly, Esq., Blank Rome, LLP, Watergate, 600 New Hampshire Avenue, N.W., Washington, DC 20037, attorneys for Plaintiffs National Mortgage Warehouse, LLC; and to Jason M. Reiser, Esq., 1339 Chestnut Street, Suite 500, Philadelphia, PA, 19107, attorney for Sovereign Bank; and to Andrew C. White, Esq., Law Offices of Andrew C. White, LLC, Suite 2600, 201 North Charles Street, Baltimore, Maryland 21201, attorneys for Third Party Defendants Diane Baklor and What's Up Doc, Document Prep., Inc; and Defendants Kent E. Baklor and Bankers First Mortgage Co, Inc.

---

Christopher Trikeriotis

4